## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIO J. DIANA

Civil Action - Law

     Plaintiff

   VS.

WILLIARD OLIPHANT and
CARMEN R. ALTAVILLE          JURY TRIAL DEMANDED

     Defendants

## <u>COMPLAINT</u>

## <u>INTRODUCTORY STATEMENT</u>

1. This is a civil rights complaint brought by a Pennsylvania State Police Trooper against other PSP personnel who violated his First and Fourth Amendment rights. The plaintiff suffered retaliation because he filed a workers compensation claim which culminated in limitations on his duties at work. The defendant Oliphant unlawfully recorded a telephone conversation between the plaintiff and himself, originated by Mr. Oliphant, that was designed by Oliphant and Altavilla to entrap, distort, or otherwise create an impression that the plaintiff was not hurt so that the plaintiff would be discouraged from enforcing his rights. Mr. Oliphant not only violated plaintiff's civil rights but also violated federal and state statutes which prohibit

such activities and which sanction the wrongdoers both civilly and criminally. The Commissioner of the Pennsylvania State Police, Jeffrey Miller, has personally interceded, to the best of plaintiff's knowledge, to prevent any sanctions or criminal charges be filed against Mr. Oliphant as evidenced by his promise to investigate, which promise has intentionally never been acted upon to the plaintiff's detriment.

## JURISDICTION AND VENUE

**2**. Jurisdiction is conferred on this court by 28 USC §1331 and 28 USC §1343 (a) (3) and (4) and by the remedial statute 42 USC §1983.

**3**. A jury trial is demanded.

4. This Court's supplemental jurisdiction as per 28 USC §1367 (c) is invoked in this case.

**5**. Punitive damages are requested.

**6**. Venue is properly in the middle District because the parties, witnesses, and evidence are all common to Lackawanna County and the counties which surround it.

## RIGHTS VIOLATED

**7.** Plaintiff has a First Amendment right not to be retaliated against for exercising his right of access to the courts and for speaking out in expressing his opinion on appropriate matters of public concerns.

**8**. Plaintiff has a Fourth Amendment right to be free of invasions of his privacy and to enjoy an expectation of privacy that his conversations with other persons, will not be electronically taped unlawfully without his knowledge for use against him by state officials.

**9**. Plaintiff has a Fourth Amendment right to be free of unlawful seizures, in this case, the unlawful seizure of his conversation for use by the PSP and the defendants against him in legal proceedings.

**10.** Plaintiff has a 14th amendment due process right to be free of state officials who intentionally seek to create misleading evidence to destroy his right of access to the courts and his right to bring a cause of action when they act to distort the fact record in order to protect the PSP and these defendants.

**11**. Plaintiff has a right under federal law to be free of unlawful eavesdropping pursuant to 47 USCA 605.

**12**. Plaintiff has a right under Pennsylvania law 18 Pa.C.S.A. 5701 to be free of unlawful wiretaps conducted against him without his knowledge.

## OPERATIVE FACTS

**13**. On or about November 20, 2003 the plaintiff Mario Diana received a telephone call from the defendant Oliphant.

**14**. Oliphant and the defendant Altavilla (Oliphant (a lieutenant) is plaintiff's immediate supervisor and Altavilla (a captain) is his commander concocted a scheme to call the plaintiff and record his conversation in an attempt to subvert his lawful and proper efforts to exercise his legal right to file and pursue a worker's compensation claim.

**15**. These defendants at no time notified plaintiff that Oliphant was recording the conversation and that the defendants had an ulterior purpose designed to subvert plaintiff's exercise of his right of access to the courts and, or, other legal process.

**16.** The defendants recorded Oliphant's conversation with plaintiff without his knowledge or consent and in violation of the law.

**17**. By unlawfully recording plaintiff's conversation on November 20, 2003 the defendants violated his First, Fourth, and Fourteenth amendment rights as set forth in this complaint above in paragraphs "**7- 12**".

**18.** The defendants also violated plaintiff's rights under federal and state laws prohibiting unlawful wiretapping, eavesdropping, and recording of third persons' conversations unlawfully for unlawful purposes without their knowledge.

4

**19**. During the underlying litigation on plaintiff's workers compensation claim his attorney demanded a copy of the taped conversation in question which was provided to the plaintiff.

**20**. During the conversation in question plaintiff heard no beeps or other sounds except for occasional background noise which plaintiff assumed came from a portable radio the defendant Lt. Oliphant had on his person.  Plaintiff was given no advisories as to the conversation being taped.

**21**.  When plaintiff's attorney received a copy of the tape in question the conversation was interspersed with a periodic beeping sound.

**22**.  Plaintiff is certain that no such sound was present on his end of the subject conversation.

**23**. Plaintiff further alleges that the police Commissioner, Jeffrey Miller, was personally advised of the above situation and promised Bruce Edwards of the PSTA (Pennsylvania State Troopers Association) that he would investigate. Commissioner Miller has not made good on that promise.

**Wherefore** plaintiff demands judgment of the defendants jointly and severally for the deprivation of his federally guaranteed rights and for the violation, by the defendants Oliphant and Altavilla, of his rights under federal and state wiretapping laws together with damages for pain and suffering, humiliation and

embarrassment, damages for emotional distress, fees, costs, and such other relief as

the Court may deem appropriate.

Respectfully submitted

<u>S/Don Bailey Esq.</u>
4311 N. 6th St
Harrisburg Pa.  17110
717-221-9500

November 10, 2005