# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO J. DIANA, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2338 |
| v. | (JUDGE CAPUTO) |
| WILLARD OLIPHANT and CARMEN ALTAVILLA, | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is Defendants' Motion to Dismiss (Doc. 5). For reasons set forth below, I will grant the motion in part and deny it in part. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## **BACKGROUND**

According to the facts as alleged in Plaintiff's Complaint, this case arises out of a recorded phone conversation between Plaintiff Mario J. Diana and Defendant Willard Oliphant on November 20, 2003. (Doc. 1, ¶ 13.) Defendant Oliphant and Plaintiff's immediate supervisor within the Pennsylvania State Police, Defendant Carmen Altavilla, concocted a scheme to call Plaintiff and record the conversation in an attempt to subvert Plaintiff's pending worker's compensation claim. (Doc. 1, ¶ 14.) Plaintiff was not notified that Defendant Oliphant was recording the conversation. (Doc. 1, ¶ 15.) During the litigation of Plaintiff's worker compensation claim, Plaintiff's attorney requested a copy of the taped conversation. (Doc. 1, ¶ 19.) A copy was provided. *Id.*

On November 11, 2005, Plaintiff filed a Complaint alleging civil rights violations of his First, Fourth, and Fourteenth Amendment rights, and claims under the Federal

Communications Act and under the Pennsylvania's Wiretap Act. (Doc. 1, ¶¶ 7-12.) On January 6, 2006, Defendants filed the present Motion to Dismiss. (Doc. 5.) This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will

ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

**1.     First Amendment Retaliation Claim**

Defendants argue that Plaintiff has failed to state a claim upon which relief may be granted for retaliation under the First Amendment.  Plaintiff acknowledges that he has not alleged a prima facie case for retaliation based on protected speech, but argues that he has stated a claim for retaliation based his right to petition the Government for redress.  For the following reasons, I agree that Plaintiff has stated a claim under the First Amendment regarding his right to petition.

**a.     Right to Petition**

The First Amendment provides, in part, that "Congress shall make no law . . . abridging . . . the right to petition the Government for a redress of grievances."  U.S. Const. amend. I.  The First Amendment's Petition Clause, in other words, protects individuals from retaliation for filing non-sham lawsuits, grievances, and other petitions directed at the government or its officials.  *See, e.g., San Filippo v. Bongiovanni*, 30 F.3d 424, 439 (3d Cir. 1994), *cert. denied*, 513 U.S. 1082 (1995).  The term "lawsuit" has been used to encompass any device invoking a formal mechanism for redress of grievances against the government.  *Id.*, at 440 n.18.  Further, a claim under 42 U.S.C. § 1983 for

3

violation of the Petition Clause of the First Amendment may involve a "petition" on a matter of private concern and need not meet the "public concern" test. *Id.*, at 439-43.

Next, Plaintiff must show that the protected activity was a substantial or motivating factor in Defendants' alleged retaliatory action. It is sufficient if Plaintiff establishes that the exercise of his First Amendment rights played some substantial role in the relevant decision; Plaintiff need not establish that the retaliation was motivated solely or even primarily by the protected activity. *Katzenmoyer v. City of Reading*, No. CIV.A 00-5574, 2001 WL 1132374, at *2 (E.D. Pa. Sept. 21, 2001). Further, to determine whether an employer's acts constitute retaliation, a court must decide whether the alleged acts of harassment are likely to deter a person of ordinary firmness from the exercise of his First Amendment rights. *McKee v. Har*, No. 04-1442, 2006 U.S. App. LEXIS 345, at *11 (3d Cir. 2006) (citing *Suppan v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)). Courts have thus required that the nature of the retaliatory acts committed by an employer be more than *de minimis* or trivial. *Id*.

In the present case, Defendants assert that Plaintiff has failed to allege that he attempted to access the court system through filing a lawsuit, nor expressed an intention to file a lawsuit. Defendants also assert that Plaintiff has failed to allege that Defendants retaliated against Plaintiff. I disagree.

Plaintiff specifically alleges that a copy of the taped conversation was requested during litigation of Plaintiff's worker compensation claim. (Doc. 1, ¶ 19.) Further, Plaintiff alleges that his conversation was taped in an attempt to subvert Plaintiff's pending worker's compensation claim. (Doc. 1, ¶ 14.) As such, Plaintiff may be able to demonstrate that the taping of his conversation was an act that is likely to deter a person

of ordinary firmness from the exercise of his First Amendment rights. Reading the Complaint in the light most favorable to Plaintiff, he has alleged a violation of his First Amendment right to petition the Government.

## 2.      **Procedural Due Process**

To establish a cause of action for a procedural due process violation, Plaintiff must first prove that a person acting under color of state law deprived him of a protected property or liberty interest; and second, he must show that the procedures available to him failed to provide him with due process of law. *See, e.g., Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000).

Defendants argue that Plaintiff has failed to allege that he was deprived of a protected property or liberty interest, or that the process available to Plaintiff failed to provide him with due process of law. Plaintiff counters that Defendants alleged conduct implicates his liberty interests. In particular, Plaintiff argues that he was deprived of his right to be free from having evidence that was unlawfully procured used against him in a legal proceeding. For the following reasons, I find that Plaintiff does not state a claim for a procedural due process violation.

Liberty interests protected by the Fourteenth Amendment may arise from two sources, the Due Process Clause and the laws of the States. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In the present case, Plaintiff has failed to articulate a liberty interest arising under either source. As such, Plaintiff has failed to state a claim for violation of his rights under the Due Process Clause. Therefore, I will grant Defendants' motion with respect to Plaintiff's procedural due process claims.

**3.     Federal Communications Act Claims**

Lastly, Defendants seek dismissal of Plaintiff's claims under the Federal Communications Act, 47 U.S.C. § 605.  In particular, Defendants argue that because § 605 has been superseded by Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510, *et seq.*, Plaintiff's claims must be dismissed.  I disagree.

In interpreting the allegations of Plaintiff's Complaint, the Court is not limited to the legal theories named in the Complaint.  *See, e.g., O'Boyle v. Jiffy Lube Int'l, Inc.*, 866 F.2d 88, 93 (3d Cir. 1989).  Plaintiff has alleged facts in his Complaint which support a claim under Title III of the Omnibus Crime Control and Safe Streets Act.  As such, Plaintiff is entitled to present evidence in favor of his claims under 18 U.S.C. § 2510.

## CONCLUSION

Reading the Complaint in the light most favorable to Plaintiff, he has alleged a violation of his First Amendment right to petition the Government.  Plaintiff, however, has failed to state a claim upon which relief may be granted under the due process clause.  Lastly, Plaintiff is entitled to present evidence in favor of his claims under Title III of the Omnibus Crime Control and Safe Streets Act.

An appropriate order shall follow.

| | |
|---|---|
| August 21, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARIO J. DIANA,

    Plaintiff,

        v.

WILLARD OLIPHANT and CARMEN ALTAVILLA,

    Defendants.

NO. 3:05-CV-2338

(JUDGE CAPUTO)

## ORDER

**NOW**, this ___21st___ day of August, 2006, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED in part** and **DENIED in part**:

(I)    Defendants' motion is **GRANTED** insofar as it seeks dismissal of:

    (a)    Plaintiff's procedural due process claims.

(ii)    Defendants' motion is **DENIED** with respect to:

    (a)  Plaintiff's First Amendment Retaliation claims; and

    (b)  Plaintiff's Title III of the Omnibus Crime Control and Safe Streets Act claims.

               /s/ A. Richard Caputo
               A. Richard Caputo
               United States District Judge