**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARIO J. DIANA,

Plaintiff,

v.

WILLARD OLIPHANT and CARMEN ALTAVILLA,

Defendants.

CIVIL ACTION NO. 3:05-CV-2338

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendants' Motion for Reconsideration. (Doc. 39.) Because the Defendants' recently submitted evidence is not newly discovered evidence for purposes of Rule 59, the Court will deny the motion for reconsideration on the Fourth Amendment claim. Similarly, because the Defendants failed to move for summary judgment on the state and federal wiretap claims prior to the dispositive motion deadline, the Court will Defendants' motion as untimely. Because a federal question is before the Court pursuant to 42 U.S.C. § 1983, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

A detailed analysis of the factual background involved in this matter is contained within the Court's November 13, 2007 Memorandum and Order (Doc. 38), and therefore is not required to be repeated in its entirety. Only the relevant facts will be discussed here.

Plaintiff in this case is Mario Diana, who at the time relevant to the Complaint, was

a Trooper in the Pennsylvania State Police stationed at Tunkhannock Barracks. (Defs.' Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J. ¶ 1, Doc. 29.) Defendants are Carmen Altavilla, who at the relevant time was a Captain in the State Police and commander of Troop P, and Willard Oliphant, who was then the staff lieutenant of Troop P. (*Id.* ¶¶ 2-4.)

In 2003, Plaintiff Diana was on leave for a work related injury. (*Id.* ¶ 5.) Defendant Oliphant called Plaintiff Diana on a taped line from the police barracks, at the request of Defendant Altavilla, regarding an order for Plaintiff Diana to return to work. (*Id.* ¶ 31.) There is a dispute as to whether there are taped lines at every desk. (*Id.* ¶ 41; Doc. 34 ¶ 41.) These taped lines sound beeps the conversations. (Doc. 29 ¶ 42.) Diana did not hear beeps on the line during his conversation with Oliphant. (*Id.* ¶ 43.) Plaintiff also did not discover that the phone call between himself and Oliphant had been recorded until later in the same day, when a union officer called him and informed him that the call had been taped. (*Id.* ¶ 44.)

On November 11, 2005, Plaintiff filed a Complaint alleging civil rights violations of his First, Fourth, and Fourteenth Amendment rights, and claims under the Federal Communications Act and under the Pennsylvania's Wiretap Act. (Doc. 1.) On January 6, 2006, Defendants Oliphant and Altavilla filed a motion to dismiss the Plaintiff's First and Fourteenth Amendment claims, as well as his claims under the Federal Communications Act, 47 U.S.C. § 151 *et seq.* (Doc. 5.) On August 21, 2006, the Court granted Defendants' motion with respect to the Fourteenth Amendment claim, and denied the motion with respect to the First Amendment claim and the statutory wiretap claim. (Doc.

19.) Defendants a Motion for Partial Summary Judgment on the First Amendment and Fourth Amendment claims on May 29, 2007. (Doc. 28.) The Court denied the Motion on both grounds in its November 13, 2007 Order. (Doc. 38.) The Defendants filed the present Motion for Reconsideration on November 28, 2007. (Doc. 39.) The motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: “(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.” *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). “A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.” *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). “[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment.” *Hill v.*

*Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

### I. Fourth Amendment Claim

Defendants' motion for reconsideration requests that the Court alter or amend its Order of November 23, 2007 denying summary judgment on a Fourth Amendment claim based upon the submission of a taped conversation between Plaintiff Diana and Defendant Oliphant. Defendants argue that the Court should consider the evidence of the tape, as failure to consider such evidence would result in "manifest injustice" to the Defendants.

The tape submitted by the Defendants contains the conversation between Defendant Oliphant and Plaintiff Diana. Defendants argue that, because twenty-two (22) beep tones may be heard on the tape, Plaintiff Diana's subjective expectation of privacy was destroyed. However, "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (citing *DeLong Corp. v. Raymond Int'l Inc.*, 622 F.3d 1135, 1139-40 (3d Cir. 1980)). "A district court may properly refuse to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment." *Bailey v. United Airlines*, 279 F.3d 194 (3d Cir. 2002) (citing

*Harsco*, 779 F.2d at 909)). Defendants do not argue that the tape was not previously available as evidence. Rather, the Defendants state in their reply brief that upon "review[ing] the court's memorandum of November 13, 2007, it became apparent. . . that the crux of this case, . . . was whether there were audible beeps on the line." (Defs.' Brief in Reply, Doc. 47 at 2.) The brief goes on to state that "[t]he best evidence of this was the actual tape recording of the phone call, which had *not* been submitted to the court by the Office of Attorney General, with its motion for summary judgment." (*Id.*) (emphasis in original). The Defendants later argue that, although a copy of the tape was not presented to the Court with its motion for summary judgment, "that omission has been corrected." (*Id.* at 5.)

The Court may consider newly discovered evidence in a motion for reconsideration. However, the tape of the conversation between Defendant Oliphant and Plaintiff Diana is clearly not newly discovered. This evidence was available at the time of the summary judgment motion, but the Defendants failed to submit the tape at that time. Therefore, the Court will refuse to consider this evidence at this time, and will deny the Defendants motion for reconsideration on this claim.

**II. State and Federal Wiretap Law Claims**

Defendants' motion for reconsideration also requests that the Court grant summary judgment on the state and federal wiretap law claims. However, Defendants failed to move for summary judgment on these claims prior to this time. The Court's case management Order of April 11, 2007 established that the deadline for dispositive motions would be May 29, 2007. At no time did the Defendants request additional time for the

filing of dispositive motions. Nor have they offered an excuse for filing the dispositive motion out of time. The motion for summary judgment on the state and federal wiretap claims is therefore untimely. Therefore, the Court will deny the Defendants' motion for reconsideration on this count.

## CONCLUSION

Because the Defendants' recently submitted evidence is not newly discovered evidence for purposes of Rule 59, the Court will deny the Defendants' motion for reconsideration on the Fourth Amendment claim. Similarly, because the Defendants failed to move for summary judgment on the state and federal wiretap claims prior to the dispositive motion deadline, the Court will the Defendants' motion as untimely.

An appropriate order shall follow.

January 14, 2008
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARIO J. DIANA,

Plaintiff,

v.

WILLARD OLIPHANT and CARMEN ALTAVILLA,

Defendants.

NO. 3:05-CV-2338

(JUDGE CAPUTO)

**ORDER**

**NOW**, this 14th day of January, 2008, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (Doc. 39) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge