**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARIO J. DIANA, | |
| Plaintiff, | NO. 3:05-CV-2338 |
| v. | (JUDGE CAPUTO) |
| WILLARD OLIPHANT and CARMEN ALTAVILLA, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Plaintiff Mario Diana's motion for attorney's fees. (Doc. 98.) For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part. Plaintiff will be awarded a total of fifty-nine thousand, one hundred ninety-five dollars ($59,195) for the work of Plaintiff's three attorneys, Don A. Bailey, Douglas R. Goldhaber, and Sheri D. Coover. Plaintiff will also be awarded three thousand, eighty-eight dollars and seven cents ($3,088.07) for costs.

## BACKGROUND

On November 11, 2005, Plaintiff Mario Diana brought an action against Defendants Carmen Altavilla and Willard Oliphant in this Court, pleading claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the First, Fourth, and Fourteenth Amendments to the U.S. Constitution as well as claims under the Federal Communications Act (superceded by Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510 *et seq*. ("Title III")) and Pennsylvania's Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. § 5701 *et seq*. ("Pennsylvania Wiretap Act"). Defendants moved to dismiss the

Complaint. (Doc. 5.) The Court granted the motion with respect to the Fourteenth Amendment claim, interpreted the Federal Communications Act claim as stating a claim under Title III, and denied the motion as to all other claims. (Doc. 19.) On May 29, 2007, Defendants moved for partial summary judgment on Plaintiff's First and Fourth Amendment claims. (Doc. 28.) The Court denied the motion. (Doc. 38.) Defendants moved for reconsideration of the denial (Doc. 39), which the Court also denied (Doc. 48).

The case proceeded to trial in April 2008 on the four remaining claims. Defendants moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 ("FRCP") at the close of Plaintiff's case and again at the close of their case. At the close of Defendants' case, the Court granted the motion for judgment as a matter of law as to Plaintiff's First Amendment claim. The remaining three claims, under the Fourth Amendment, Title III, and the Pennsylvania Wiretap Act, were submitted to the jury. The jury found Defendants liable on each claim and awarded Plaintiff two hundred sixty-two thousand, one hundred twenty-six dollars ($262,126) in compensatory damages and two hundred thirty-eight thousand, eight hundred seventy-eight dollars ($238,878) in punitive damages. (Doc. 93.) In accordance with the jury's finding of liability on the Title III claim, the Court issued an Order awarding ten thousand dollars ($10,000) in statutory damages against each Defendant. (Doc. 95.) The Court entered judgments on the jury verdict and Order on April 17, 2008. (Docs. 96, 97.)

Following entry of judgment, Defendants filed post-trial motions, including a renewed motion for judgment as a matter of law pursuant to FRCP 50, and a motion for a new trial pursuant to FRCP 59 or, in the alternative, for remittitur. (Doc. 102.) The Court granted in part and denied in part the combined post-trial motions. (Doc. 128.) The Court denied

Defendants' renewed motion for judgment as a matter of law and their motion for a new trial. The Court granted in part and denied in part Defendants' motion for remittitur, ordering Plaintiff to remit two hundred twelve thousand, one hundred twenty-six dollars ($212,126) of the compensatory damages awarded by the jury or accept a new trial on the issue. The Court also ordered Plaintiff to remit ten thousand dollars ($10,000) of the sum awarded by the Court for Title III statutory damages, due to a legal error in the calculation. Finally, the Court denied the motion for remittitur in all other respects. Plaintiff agreed to remit the sums directed by the Court. (Doc. 131.)

In the present motion, Plaintiff requests attorney's fees for the work of his three attorneys for hours spent in preparation of Plaintiff's trial as well as the present fee motion. (Docs. 98, 99.) He requests thirty-one thousand, eight hundred fifty dollars ($31,850) for the work of Attorney Don A. Bailey; thirty-six thousand, five hundred fifty dollars ($36,550) for the work of Attorney Douglas R. Goldhaber, and two thousand, eight hundred twelve dollars and fifty cents ($2,812.50) for the work of Attorney Sheri D. Coover. In addition, Plaintiff filed a supplemental request for five thousand, six hundred dollars ($5,600) for the post-trial work of Attorney Bailey. Defendants filed a response to Plaintiff's motion for attorney's fees as well as his supplemental request. (Docs. 135, 136.) Defendants object to the reasonableness of the hourly rates requested by Attorneys Bailey and Goldhaber as well as certain pretrial work by all three attorneys. Plaintiff filed a brief in reply to Defendant's response. (Doc. 137.) Plaintiff's motion for attorney's fees is fully briefed and ripe for disposition.

3

**DISCUSSION**

The Court may award reasonable attorney's fees and costs to the prevailing parties in § 1983 cases. *See* 42 U.S.C. § 1988(b). Plaintiffs "'may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). However, "[t]his is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Id.*

The U.S. Supreme Court has held that the "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate." *Blum v. Stetson*, 465 U.S. 886, 888 (1984). This amount is known as the "lodestar" figure, which is presumed to be the reasonable fee. *Pennsylvania v. Del. Valley Citizens' Counsel*, 478 U.S. 546, 565 (1986); *Pennsylvania v. Del. Valley Citizens' Counsel*, 483 U.S. 711, 730-31 (1987).

In calculating the reasonable rate, the Court looks to the prevailing market rates in the relevant community. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The Court should consider the experience and skill of the prevailing party's attorney, and compare the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The prevailing party bears the burden of demonstrating that the requested hourly rates are reasonable. *Id.*

The Court must also determine whether the number of hours spent on the litigation

4

was a reasonable number. The Court "should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (citations omitted). Thus, a trial court will "exclude from this initial fee calculation hours that were not reasonably expended on the litigation." *Hensley*, 461 U.S.at 434. Using the lodestar methodology, the Court can calculate a reasonable attorney's fee.

Attorney Bailey suggests a rate of three hundred fifty dollars ($350) per hour for ninety-one (91) hours of work up to and during trial of Plaintiff's case as well as sixteen (16) hours of post-trial work. Attorney Goldhaber suggests a rate of three hundred dollars ($300) per hour for one hundred twenty-one (121) hours of work up to and during trial. Attorney Coover suggests a rate of one hundred fifty dollars ($150) per hour for eighteen and three-quarters hours (18.75) of work up to and during trial.

### I. Reasonable Hours

Defendants argue that the hours claimed by Plaintiff's attorneys are unreasonable on several bases. First, Defendants argue that the number of hours claimed by Attorney Bailey for his attendance at trial is excessive. Second, they argue that certain hours claimed by Attorney Coover are duplicative of the other attorneys. Third, they argue that Attorney Goldhaber claimed time for a meeting that was unnecessary. The district court is to exclude from its fee calculation hours that were not "reasonably expended." *Hensley*, 461 U.S at 434. Therefore, the Court will address Defendants' arguments in turn.

5

### A. Attorney Bailey Hours

Attorney Bailey claims fifteen (15) hours for his attendance during the four-day trial of Plaintiff's case. Defendants argue that payment for this number of hours is unreasonably excessive because Attorney Bailey was not lead trial counsel and did not contribute substantially to the trial of the case. They argue that his compensated time should be reduced to seven and a half (7.5) hours due to his minor role at trial.

In support of a reduction, Defendants cite to the record of Attorney Bailey's participation during trial. On the first day of trial, there is no record of participation by Attorney Bailey in the proceedings.[1] On the second day, he participated in two (2) side-bar arguments on evidentiary matters. (Tr. 137-138, 171-174, Apr. 8, 2008, Doc. 109.) On the third day, he participated in two (2) side-bar arguments on evidentiary matters as well as a short discussion on the admission of documents into evidence, and assisted in responding to Defendants' motions pursuant to FRCP 50 at the close of Plaintiff's and Defendants' cases. (Tr. 24-26, 34-36, 41-42, 51, 249-251, 263-86, Apr. 9, 2008, Doc. 113.) On the fourth day, Attorney Bailey participated in a jury charge conference with the Court and a side-bar argument while instructions were given. (Tr. 10-43, 126-132, Apr. 10, 2008, Doc. 114.)

While the bulk of the trial was conducted by Attorney Goldhaber, who handled opening and closing arguments as well as all witness examinations, Attorney Bailey made important contributions. His request of fifteen (15) hours over four (4) days is not unreasonable. It may in some instances be reasonable to reduce the hours requested for

---

[1] Attorney Bailey is only on the record as asking a question on the following day's start time. (Tr. 129:7-12, Apr. 7, 2008, Doc. 112.)

the presence of a second attorney who played only a minor role in conducting a trial. *See Skaggs v. Hartford Fin. Group, Inc.*, No.99-cv-3306, 2001 U.S. Dist. LEXIS 20351, *63 (E.D. Pa. Sept. 26, 2001) (reducing fee request for second lawyer who attended trial but played minor role and disallowing hours claimed for attendance alone); *Stair v. Lehigh Valley Carpenters Local Union No. 600*, No. 91-cv-1507, 1994 U.S. Dist. LEXIS 5895, at *7-*8 (E.D. Pa. May 6, 1994) (reducing fee request by the hours claim for second lawyer's attendance at trial where his input was minimal). However, while Attorney Bailey's contribution on the first two (2) days of trial appears to be minor, this is based on his actual participation before the Court. His experience and assistance at counsel table must be deemed helpful and simply because he did not perform extensively at trial is not reason enough to conclude his role was minor. The Court therefore declines to reduce Attorney Bailey's hours on these grounds.

B. Attorney Coover Hours

Attorney Coover claims two and three-quarters (2.75) hours for attendance at an April 3, 2008 pretrial conference with the Court[2] as well as eight and a half (8.5) hours for attendance at jury selection and trial on the first day of the four-day trial.[3] Defendants argue that these hours should be eliminated as duplicative of hours claimed by Attorneys Bailey and Goldhaber. "A reduction for duplication 'is warranted only if the attorneys are

---

[2] Attorney Coover's records show the pretrial conference as taking place on March 3, 2008. (Ex. B, Doc. 98.) The Court assumes this to be a typographical error, as the final pretrial conference for this case took place on April 3, 2008.

[3] Attorney Coover does not claim any hours for any other than the first day of trial.

7

*unreasonably* doing the *same* work.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1187 (3d Cir. 1990) (quoting *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988) (emphasis in original)).

The Court agrees that, in this relatively straightforward case, it is unreasonable to claim compensation for the attendance of a third attorney at the pretrial conference and jury selection. Moreover, there is no record of participation by Attorney Coover during trial proceedings on April 7, 2008. Again considering the relatively straightforward nature of the case, the Court will omit the hours claimed for the mere attendance of a third attorney at trial. The Court will therefore reduce the total number of hours claimed by Attorney Coover by eleven and one-quarter (11.25) hours.

### C. Attorney Goldhaber Hours

Attorney Goldhaber claims three-quarters (.75) of an hour for a meeting at Pennsylvania State Police headquarters on April 4, 2008. Defendants object, alleging that the meeting was for the purpose of allowing the Defendants to listen to a taped piece of evidence that Plaintiff's counsel had a duty to maintain, but had misplaced. Thus, Defendants argue that the expenditure of time was unnecessary and wholly within Plaintiff's control. The Court will not speculate as to the necessity or propriety of the meeting based on factual allegations supplied by Defendants' brief and not of record in the case. The Court declines to reduce Attorney Goldhaber's hours based on this objection.

### D. Hours Claimed Without Objection

Regarding the hours claimed by Plaintiff's attorneys to which Defendants do not object, Plaintiff has met his initial burden of showing that the requested hours are reasonable. To do so, Plaintiff must submit evidence of the hours worked that is "specific

8

enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Washington v. Phila. County Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996). To be specific enough, a petition must be "'fairly definite ... as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations' .... However, 'it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted ....'" *Id.* at 1037-38 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)). Plaintiff's fee motion provides, for each attorney, record of work performed detailed by date, hours expended, and including a brief description of the activity undertaken. (Docs. 98, 132.) The Court finds the evidence submitted to be sufficiently specific and those hours expended, and not discussed above, to be reasonable.

In sum, the Court finds the number of hours reasonably expended in this case to be as follows: ninety-one (91) hours for the work of Attorney Bailey up to and during trial; sixteen (16) hours for Attorney Bailey's post-trial work; one hundred twenty-one (121) hours for the work of Attorney Goldhaber; and seven and a half (7.5) hours for the work of Attorney Coover.

## II.  Reasonable Fee

"Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Maldonado,* 256 F.3d at 184. The district court "should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Rode,* 892 F.2d at 1183). The movant "bears the burden of establishing by way of satisfactory evidence, 'in addition to [the]

9

attorney's own affidavits,' ... that the requested hourly rates meet this standard." *Id.* (quoting *Washington v. Philadelphia Cty. Ct. Of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir.1996) (citing *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984))). The court should start with the attorney's usual billing rate, but this rate is not dispositive. *Id.*

Defendants argue that Attorneys Bailey and Goldhaber's requested rates are unreasonable because they fail to provide sufficient supporting evidence. Defendants further argue that both attorneys request rates higher than attorneys of similar reputation. They argue that both attorneys' fee should be reduced to two hundred and fifteen dollars ($215) per hour.

The Court agrees that Plaintiff fails to provide sufficient evidence to meet his *prima facie* burden to show that the requested rates of Attorneys Bailey and Goldhaber are reasonable. Neither attorney provides an affidavit regarding his own billing rate and experience. Further, Plaintiff fails to provide any evidence to assist the Court in determining the prevailing market rates in the relevant community,[4] such as affidavits from area attorneys of comparable skill, experience, and reputation. Finally, even if the Court had been provided with evidence of prevailing rates, the unsworn averments regarding the attorneys' experience found in Plaintiff's motion and brief provide inadequate information for a meaningful comparison with other attorneys. For instance, though Plaintiff states that Attorney Bailey is an experienced civil rights lawyer who has appeared before Pennsylvania federal district courts, the Third Circuit Court of Appeals, and the U.S. Supreme Court, he fails to give basic

---

[4] The Third Circuit Court of Appeals has held that, in most cases, the relevant rate is the prevailing rate in the forum of the litigation. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 705 (3d Cir. 2005).

10

information such as Attorney Bailey's legal employment history, how long he has practiced law, or how long he has practiced civil rights law in particular.[5] However, the Court is familiar with Attorney Bailey's abilities, having been the presiding judge in several cases in which he represented parties. Based on the Court's observations, I conclude a reasonable rate for Attorney Bailey to be two hundred sixty dollars ($260) per hour. As to Attorney Goldhaber, Plaintiff provides almost no information, stating only that he is "an experienced trial counsel who has participated in over two hundred state trials and won a number of verdicts in federal court." (Pl.'s Br. in Supp. of Mot. 8, Doc. 99.) However, the Court notes that Attorney Goldhaber demonstrated high competence in the case as a trial lawyer and, as a result, concludes that two hundred fifty dollars ($250) per hour is a reasonable hourly rate.[6]

Because the Court will reduce the attorneys' requested rates on the grounds that Plaintiff fails to meet his *prima facie* burden of proof, I will not address Defendants' argument

---

[5] Apparently in response to Defendants' objections, Attorney Bailey filed an "Unsworn Declaration" with some information regarding his experience. (Doc. 138.) This does not fulfill the role of an affidavit, which is a sworn statement. *See* BLACK'S LAW DICTIONARY 58 (6th ed. 1990). Moreover, though the declaration states that Attorney Bailey has been a member of the Pennsylvania Bar since 1976, it does not answer the cited questions regarding his experience in practice.

[6] The hourly rates determined by the Court for Attorneys Bailey and Goldhaber are within the range of rates previously found to be reasonable for a civil rights case litigated within this district. *See, e.g., Buck v. Stankovic*, No. 07-cv-0717, 2008 U.S. Dist. LEXIS 65572, *26-*29 (M.D. Pa. Aug. 27, 2008) (finding a range of reasonable rates for attorneys of varying experience between one hundred sixty dollars ($160) and three hundred dollars ($300) per hour).

11

that the requested rates are higher than those of attorneys of comparable reputation. Further, I note that, while Defendants cite specific occurrences they argue tarnish the reputations of Attorneys Bailey and Goldhaber, the Court cannot reasonably evaluate how these events effected their reputations in the community at the time of their respective work on this case.

Finally, though Plaintiff provides insufficient evidence to support Attorney Coover's requested rate of one hundred fifty dollars ($150) per hour, Defendants do not object and provide the affidavit of another attorney as evidence in support of this rate. (Ex. 5, Doc. 136.) Consequently, the Court will not reduce Attorney Coover's requested rate.

### III. Lodestar Calculation

To calculate the lodestar, the Court takes the product of an attorney's reasonable hours times his or her reasonable fee. The Court found the reasonable number of hours for the work of Attorney Bailey to be one hundred seven (107) hours and a reasonable fee to be two hundred sixty ($260) dollars per hour. The lodestar figure for Attorney Bailey's work is thus twenty-seven thousand, eight hundred twenty dollars ($27,820). The Court found the reasonable number of hours for the work of Attorney Goldhaber to be one hundred twenty-one hours (121) and a reasonable fee to be two hundred fifty ($250) dollars per hour. The lodestar figure for Attorney Goldhaber's work is thus thirty thousand, two hundred fifty dollars ($30,250). Finally, the Court found the reasonable number of hours for the work of Attorney Coover to be seven and a half hours (7.5) and a reasonable fee to be one hundred fifty dollars ($150) per hour. The lodestar figure for Attorney Coover's work is thus one thousand, one hundred twenty-five dollars ($1,125). The combined lodestar figure for the work of all

three attorneys is fifty-nine thousand, one hundred ninety-five dollars ($59,195).

The Supreme Court in *Hensley* discussed factors that might lead a court to adjust the lodestar figure upward or downward, including the "important factor of the results obtained."[7] 461 U.S. at 434. The Court finds no basis in this case to adjust the lodestar figure. Plaintiff's case presented a relatively straightforward civil rights action in which Plaintiff was successful on some of his original claims, but not others, and achieved substantial relief on those claims submitted to the jury. The Court will therefore leave the lodestar figure untouched.

**IV.    Costs**

Plaintiff also requests reimbursement for costs incurred in the amount of three thousand, two hundred twenty-nine dollars and ninety-three cents ($3,229.93). (Doc. 98.) Defendants object only to Plaintiff's request for reimbursement of one hundred forty-one dollars and eighty-six cents ($141.86) for the witness fee and mileage of a witness who was not called at trial. Local Rule of Court 54.4 provides that witness "fees are taxable even though the witness does not take the stand provided the witness necessarily attends the court." M.D. Pa. Local R. 54.4. Based on this rule, this Court has previously disallowed recovery of a fee for a non-testifying witness because the plaintiff did not submit an affidavit

---

[7] The factors cited by the *Hensley* court include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 461 U.S. at 430 n.3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

verifying that the witness actually attended the trial.  *Watcher v. Pottsville Area Emergency Med. Serv.*, 559 F. Supp. 2d 516, 536 (M.D. Pa. 2008).  Similarly here, Plaintiff does not submit an affidavit verifying that the disputed witness "necessarily attend[ed]" trial.  The Court will therefore subtract one hundred forty-one dollars and eighty-six cents ($141.86) from the requested sum and award Plaintiff costs of three thousand, eighty-eight dollars and seven cents ($3,088.07).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees (Doc. 98) will be granted in part and denied in part.  Plaintiff will be awarded twenty-seven thousand, eight hundred twenty dollars ($27,820) for the work of Attorney Bailey; thirty thousand, two hundred fifty dollars ($30,250) for the work of Attorney Goldhaber; and one thousand, one hundred twenty-five dollars ($1,125) for the work of Attorney Coover.  In total, Plaintiff will be awarded fifty-nine thousand, one hundred ninety-five dollars ($59,195) in attorney's fees.  In addition, Plaintiff will be awarded  three thousand, eighty-eight dollars and seven cents ($3,088.07) for costs incurred.

An appropriate Order follows.

| | |
|---|---|
| August 6, 2009 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo<br>United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIO J. DIANA, | |
| Plaintiff, | NO. 3:05-CV-2338 |
| v. | (JUDGE CAPUTO) |
| WILLARD OLIPHANT and CARMEN ALTAVILLA, | |
| Defendants. | |

## ORDER

**NOW**, this ___6th___ day of August, 2009, **IT IS HEREBY ORDERED** that Plaintiff's motion for attorneys' fees and costs (Doc. 98) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Attorney's fees for Don A. Bailey are awarded in the amount of twenty-seven thousand, eight hundred twenty dollars ($27,820).

(2) Attorney's fees for Douglas R. Goldhaber are awarded in the amount of thirty thousand, two hundred fifty dollars ($30,250).

(3) Attorney's fees for Sheri D. Coover are awarded in the amount of one thousand, one hundred twenty-five dollars ($1,125.00).

(4) Costs are awarded in the amount of three thousand, eighty-eight dollars and seven cents ($3,088.07).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge